FILED

2006 SEP 12  AM 8:43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. JORDAN,<br><br>                                  Plaintiff,<br><br>        v.<br><br>JOHN E. POTTER, et al.,<br><br>                                  Defendants. | CASE NO: 05-CV-2203 W (RRB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On December 2, 2005 Plaintiff Charles Jordan ("Plaintiff") commenced this action against Defendants John E. Potter, Postmaster General ("Postmaster") and the United States Postal Service ("USPS") (collectively "Defendants"). On April 14, 2006 Plaintiff filed a Second Amended Complaint ("SAC") adding Defendants Diane Torpey, Michael Engels, and Wayne Davenport. Plaintiff asserts claims for wrongful termination under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), disability discrimination, retaliation, five related tort claims and one contract claim. Defendants move to dismiss. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the

05cv2203w

1   papers submitted and without oral argument. <u>See</u> Civil Local Rule 7.1(d.1).  For the

2   reasons outlined below, the Court **GRANTS** Defendants' motion to dismiss.[1]

3   ## I.   BACKGROUND

4        The USPS employed Plaintiff as a letter carrier from 1972 until July 1, 1995 when

5   the USPS terminated his employment.  (SAC, Ex. 9.)[2]  During his USPS employment,

6   Plaintiff was also a member of the United States Air Force Reserve.  (SAC at ¶ 12.)

7   Sometime in December 1994, Plaintiff was ordered to active military duty in

8   Guantanamo Bay, Cuba.  Plaintiff alleges that he properly notified the USPS of his

9   orders. (SAC at ¶ 21.)  On July 1, 1995, the USPS terminated Plaintiff's employment

10  based on charges of falsification and misrepresentation.  (SAC, Ex. 9.)

11       On September 28, 2000 Plaintiff filed a complaint with the Merit Systems

12  Protection Board ("MSPB") alleging that the USPS's decision to terminate his

13  employment violated USERRA because the USPS allegedly discriminated against him

14  because of his military service. <u>Jordan v. U. S. Postal Serv.</u>, 82 Fed.Appx. 42, 43 (Fed.

15  Cir. 2003).  In an initial decision, the administrative judge rendered judgment on the

16  written record against Plaintiff. <u>Id.</u> On January 9, 2002 the MSPB vacated the initial

17  decision and remanded the matter for further adjudication because it found that Jordan

18  had specifically requested a hearing. <u>Id.</u> After a hearing on remand, the administrative

19  judge held that Plaintiff had not satisfied his burden pursuant to USERRA "of showing

20  by a preponderance of the evidence that the employee's military service was a

21  substantial or motivating factor in the adverse employment action." <u>Id.</u>

22       On June 18, 2003 the MSPB denied review. <u>Id.</u> Plaintiff timely sought review

23  in the Federal Circuit Court of Appeals. <u>Id.</u> On December 4, 2003 the Federal Circuit

24  _____

25  [1]Defendants Torpey, Engels and Davenport have not moved to dismiss because it does not appear that they have been served.

26
27  [2]Plaintiff alleges that he was terminated on June 28, 1995.  Although the Letter of Decision sent by the USPS notifying Plaintiff he was terminated was dated June 28, 1995, the termination was not effective until July 1, 1995. <u>See</u> (SAC, Ex. 9.)

28

05cv2203w

1  affirmed, ruling that Plaintiff had not satisfied his burden under USERRA of
2  establishing that his military service was a substantial motivating factor in his removal
3  and found that the MSPB's decision was supported by substantial evidence. Jordan, 82
4  Fed.Appx. at 43.

5      On December 2, 2005 Plaintiff commenced this action. On December 23, 2005
6  and April 14, 2006 Plaintiff filed his First and Second Amended Complaints. Currently
7  before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction
8  and for failure to state a claim upon which relief can be granted. Although the clerk's
9  office rejected Plaintiff's untimely opposition, the Court nevertheless considered
10  Plaintiff's arguments contained therein prior to ruling on Defendants' motion.[3]

11      II.   LEGAL STANDARD

12      Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction
13  over the subject matter[.]" Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction cannot
14  be waived, and the court is under a continuing duty to dismiss an action whenever it
15  appears the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); Csibi v. Fustos, 670 F.2d
16  134, 136 n. 3 (9th Cir. 1982).

17      A motion to dismiss under  Rule 12(b)(6) tests the complaint's sufficiency. See
18  North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).
19  Dismissal of a claim according to this rule is appropriate only where it "appears beyond
20  doubt that the plaintiff can prove no set of facts in support of his claim which would
21  entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir.
22  1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a motion
23  to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual
24  allegations and must construe them in the light most favorable to the nonmoving party.
25  Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all

26

27      [3]Plaintiff's *ex parte* request urging the Court to accept his untimely opposition is
28  therefore denied as moot.

05cv2203w

1   reasonable inferences therefrom are construed in the plaintiff's favor.  <u>Walleri v. Fed.</u>

2   <u>Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

3       III.   <u>DISCUSSION</u>

4           A.   <u>THE COURT LACKS SUBJECT MATTER JURISDICTION OVER</u>
               <u>PLAINTIFF'S USERRA CLAIM</u>.

5       Defendants first argue that this Court lacks subject matter jurisdiction over

6   Plaintiff's USERRA claim because judicial review of USERRA claims brought by federal

7   employees is limited to the Federal Circuit.  (*Motion* at 6.)   Therefore, Defendants

8   contend that the Court should dismiss Plaintiff's USERRA claim with prejudice.  (*Id.*)

9       The Court agrees.

10      Congress enacted USERRA for the purpose of, among other things, prohibiting

11  discrimination against persons because of their service in the uniformed services.  38

12  U.S.C. § 4301(a)(3).   Under section 4324(b), governing claims by employees of most

13  federal agencies (including the USPS), an employee can submit a USERRA claim

14  directly to the MSPB if they choose not to apply to the Secretary of Labor for relief.  38

15  U.S.C. § 4324(b).   The MSPB shall adjudicate the complaint and if the Board

16  determines that the federal agency has not complied with the provisions of USERRA,

17  it shall enter an order requiring the agency to comply and to compensate the aggrieved

18  employee.  38 U.S.C. § 4324(c).   Under USERRA, a person adversely affected or

19  aggrieved by a final order or decision of the MSPB may petition the United States Court

20  of Appeals for the Federal Circuit to review the final order or decision.   38 U.S.C.

21  4323(d)(1).

22      Importantly, USERRA limits review of final MSPB decisions regarding federal

23  employee claims to the Federal Circuit: "[s]ection 4324 does not authorize a private

24  USERRA action against the Federal Government, as an employer, in federal district

25  court; rather it confers jurisdiction upon the Merit Systems Protection Board[.]"  <u>Dew</u>

26  <u>v. United States Dept. of Defense,</u> 192 F.3d 366, 372 (2nd Cir. 1999), <u>cert.</u> denied 529

27  U.S. 1053 (2000). "Decisions of the MSPB are subject to review in the Court of Appeals

28

1  for the Federal Circuit." Id. Federal Circuit jurisdiction over MSPB appeals is exclusive:
2  because section 4324 does not provide for another means of review, plaintiffs proceeding
3  under it may not bring a federal district court action. Dew, 192 F.3d at 372-73 (holding
4  that the district court lacked subject matter jurisdiction where an analogous section of
5  USERRA did not provide for review other than by the Inspector General).

6       The Court finds the Second Circuit's decision in Dew well reasoned and therefore
7  elects to follow it. Because USERRA provides for district court review of claims by state
8  employees under section 4323, and does not provide for review beyond the Federal
9  Circuit in section 4324, district court review is precluded for section 4324 claims.
10  Plaintiff was a federal employee who properly filed his USERRA claim with the MSPB
11  under section 4324. Appellate review of the MSPB decision denying Plaintiff's USERRA
12  claim was therefore limited to the Federal Circuit. Thus, this Court lacks jurisdiction
13  over Plaintiff's USERRA claim. Accordingly, Defendants' motion to dismiss Plaintiff's
14  USERRA claim is **GRANTED**.

15       **B.  THE COURT LACKS JURISDICTION OVER PLAINTIFF'S TORT CLAIMS**
16       The Court also lacks jurisdiction over Plaintiff's tort claims because the
17  defendants he has named, the USPS and the Postmaster, are not proper parties under
18  the Federal Tort Claims Act ("FTCA"). "[T]he United States is the only proper party
19  defendant in an FTCA action[.]" Kennedy v. United States Postal Serv., 145 F.3d 1077,
20  1078 (9th Cir. 1998) (per curiam). Additionally, "[t]he FTCA is the exclusive remedy
21  for tort actions against a federal agency[.]" Id.; 28 U.S.C. § 2679(a). A "claim against
22  the United States Postal Service in its own name is not a claim against the United
23  States." Id.

24       Here, Plaintiff has named the USPS and the Postmaster but has not named the
25  United States. Since the only remedy for tort actions against a federal agency is the
26  FTCA, and the only appropriate party for an FTCA claim is the United States, Plaintiff
27  should have named the United States rather than the USPS and Postmaster. Plaintiff's

28

05cv2203w

- 5 -

1   failure to name the proper party deprives this Court of jurisdiction to hear his tort

2   claims.   Accordingly, Defendants' motion to dismiss is **GRANTED** on Plaintiff's

3   conspiracy, fraud, false imprisonment, tortious termination, and intentional infliction of

4   emotional distress claims.

C.   PLAINTIFF'S BREACH OF THE COVENANT OF GOOD FAITH AND
     FAIR DEALING CLAIM FAILS TO STATE A CLAIM UPON WHICH
     RELIEF CAN BE GRANTED

Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to

state a claim upon which relief can be granted. "The federal employment relationship

is not governed by the law of contracts, but rather by statute." Medlock v. Rumsfeld,

336 F. Supp. 2d 452, 466 (D. Md. 2002); see also United States Marshals Serv. v. Fed.

Labor Relations Auth., 708 F.2d 1417, 1420 (9th Cir. 1983) (federal employment is

circumscribed by statute); Bailey v. Marsh, 655 F. Supp. 1250, 1254 (D. Colo. 1987)

(dismissing plaintiff's breach of contract claim because federal employment relationship

is governed by statute).

Plaintiff was a federal employee.  His employment was therefore governed

exclusively by statute.  Thus, Plaintiff cannot assert what amounts to a contract claim

against Defendants.  Defendants' motion to dismiss Plaintiff's breach of the covenant of

good faith and fair dealing claim is therefore **GRANTED**.

D.   PLAINTIFF'S TORT CLAIMS ARE BARRED BY THE CIVIL SERVICE
     REFORM ACT

Finally, even if Plaintiff had named the United States as a defendant in this

action, the Court would still lack jurisdiction over all but one of his tort claims and his

breach of the implied covenant of good faith and fair dealing claim because Title VII and

the Civil Service Reform Act ("CSRA") provide the exclusive remedies for claims of

discrimination in federal employment.  With the exception of his false imprisonment

claim, Plaintiff's various tort claims and his breach of the covenant of good faith and fair

dealing claim essentially allege that the USPS wrongfully terminated his employment.

Employment relations within the Postal Service are generally governed by

provisions of the Postal Reorganization Act ("PRA").  Kennedy, 145 F.3d at1078.

05cv2203w

1    However, one section of the PRA, 39 U.S.C. § 1005(a)(1), provides that the provisions
2    of Chapter 75 of the CSRA (relating to adverse employment actions) apply to Postal
3    Service employees.   Kennedy, 145 F.3d at 1078.   "Federal employees alleging
4    employment-related tort claims subject to the CSRA may not bring an action under the
5    FTCA." Id. "Because the relevant provisions of the CSRA and the PRA constitute a
6    comprehensive scheme governing employment relations, employment-related tort
7    actions under the FTCA are precluded." Id. In other words, the CSRA's administrative
8    procedures are Plaintiff's only remedy if he is challenging conduct that falls within the
9    scope of the CRSA's "prohibited personnel practices"and this Court cannot resolve his
10   claims under the FTCA. Orsay v. United States Dept. Of Justice, 289 F.3d 1125, 1128
11   (9th Cir. 2002).

12           "In order for the CSRA to preempt a federal cause of action, the underlying
13   conduct must involve "personnel action," which the statute defines to mean any
14   appointment, promotion, disciplinary or corrective action, detail, transfer, or
15   reassignment, reinstatement, restoration, reemployment, performance evaluation,
16   decision concerning pay or benefits and the like, ... and any other significant change in
17   duties, responsibilities, or working conditions." See 5 U.S.C. § 3202(a)(2) (A)(I)-(xi);
18   Orsay, 289 F.3d at 1131.

19           With the exception of his false imprisonment claim, all of Plaintiff's tort claims are
20   actually based on his termination, a "personnel action" under the CSRA.  Plaintiff's
21   conspiracy claim is based upon an alleged conspiracy between the named defendants "to
22   fabricate fraudulent 'removal charges'" and to "falsely terminate" Plaintiff. (SAC at ¶
23   45.)  Plaintiff's fraud claim is based upon Defendants' alleged misrepresentations, false
24   testimony and forged documents made to "remove the Plaintiff" or "terminate his
25   employment." (SAC at ¶¶ 51, 52.)  Similarly, Plaintiff's tortious termination claim, by
26   its very name, is based upon Plaintiff's allegations that the USPS wrongfully terminated
27   him and that his employment was interrupted by "bad faith and retaliatory conduct by
28   [the USPS] in order to terminate his employment[.]" (SAC at ¶ 73.)

05cv2203w

1

2      Additionally, Plaintiff's intentional infliction of emotional distress claim is based

3 primarily upon his termination.  Plaintiff alleges that the Defendants' conduct was

4 "outrageous and reprehensible" but does not allege any specific conduct. (SAC at ¶ 90.)

5 Instead, he incorporates by reference paragraphs 1 through 42 of the SAC.  Pleadings

6 which incorporate a substantial amount of information by reference without making

7 specific allegations for a given cause of action violate Rule 8's requirement of a short and

8 plain statement and lead to a waste of both the parties' and the Court's resources.  See

9 Byrne v. Nezhat, 261 F.3d 1075, 1129-1130 (11th Cir. 2001).  The Court therefore

10 declines to search forty two paragraphs of the SAC for conduct, other than Plaintiff's

11 termination, which might serve as a basis for Plaintiff's intentional infliction of emotional

12 distress claim.

13      Finally, Plaintiff's breach of the covenant of good faith and fair dealing claim is

14 also primarily based upon allegations that "Defendant employer's termination of Plaintiff

15 was wrongful, unfair, and in bad faith, and therefore, a violation of Defendant employer's

16 legal duties" and that "Defendant employer breached the covenant of good faith and fair

17 dealing when it ... [t]erminated Plaintiff's employment for false reasons and in a manner

18 inconsistent with Defendant employer [sic] stated policies and practices." (SAC at ¶ 85.)

19      Accordingly, even if Plaintiff amended the SAC to name proper parties, the

20 CSRA would still bar the claims discussed above to the extent that they were based on

21 Plaintiff's wrongful termination.

22 //

23 //

24

25

26

27

28

05cv2203w

IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff's USERRA claim, his tort claims and his breach of the covenant of good faith and fair dealing claim are **DISMISSED WITH PREJUDICE** as to Defendants.  Should Plaintiff elect to name the appropriate parties and remedy the deficiencies discussed above, he may file a Third Amended Complaint by no later than **September 29, 2006**.

**IT IS SO ORDERED.**

**DATE: September 11, 2006**

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

CC:   ALL PARTIES AND COUNSEL OF RECORD

05cv2203w

- 9 -