

FILED
07 MAR -5 AM 8:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. JORDAN,<br><br>                     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                     Defendants. | Case No: 05-CV-2203 W (RBB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Pending before the Court is Defendants' motion to dismiss Plaintiff's "corrected" Third Amended Complaint for Damages (the "TAC"). Plaintiff has not filed an opposition. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** Defendants' motion.

//
//
//

05cv2203w

## I. BACKGROUND

Plaintiff was employed by defendant United States Postal Service ("USPS"). (TAC, ¶2.) On July 1, 1995, the USPS terminated Plaintiff's employment based on charges of falsification and misrepresentation. (TAC, Ex. 3.)

Plaintiff challenged his termination by filing a complaint with the Merit Systems Protection Board ("MSPB") on September 28, 2000. The complaint alleged that the decision to terminate Plaintiff's employment violated USERRA because the USPS discriminated against him. Jordan v. U. S. Postal Serv., 82 Fed.Appx. 42, 43 (Fed. Cir. 2003). In an initial decision, the administrative judge rendered judgment on the written record against Plaintiff. Id. On January 9, 2002 the MSPB vacated the decision and remanded the matter for further adjudication because it found that Jordan had requested a hearing. Id. After the hearing on remand, the administrative judge held that Plaintiff had not satisfied his burden under USERRA. Id.

On June 18, 2003 the MSPB denied review. Jordan, 82 Fed.Appx. at 43. Plaintiff timely sought review in the Federal Circuit Court of Appeals, which affirmed the decision on December 4, 2003. Id. at 44.

On December 2, 2005 Plaintiff commenced this action against various defendants, including the USPS and Postmaster General.[1] On April 14, 2006, Plaintiff filed a Second Amended Complaint. On September 12, 2006, this Court granted defendant USPS's motion to dismiss ruling that the Court lacked subject-matter jurisdiction over Plaintiff's USERRA and tort claims. The Court also ruled that Plaintiff's tort claims were barred because federal employment discrimination statutes and the Civil Service Reform Act constitute Plaintiff's exclusive remedies for federal employment discrimination claims. The Court, therefore, dismissed Plaintiff's tort claims with prejudice. The Court, however, granted Plaintiff leave to amend.

---

[1] Plaintiff commenced a second lawsuit on March 3, 2006. Among the defendants are the USPS and John Potter, the Postmaster General.

On September 29, 2006, Plaintiff filed a Third Amended Complaint naming only the United States of America as a defendant. On November 17, 2006, Plaintiff filed the "corrected" TAC, naming the USA and USPS as defendants. The TAC's caption lists three causes of action for disability discrimination, retaliation and intentional infliction of emotional distress. The only cause of action discussed in the body of the TAC, however, is for disability discrimination under the American with Disabilities Act, 42 U.S.C. § 1210.

According to the TAC, the USPS discriminated "against Plaintiff because of his physical disabilities. . . ." (TAC, ¶2.) The TAC further alleges that the USPS retaliated against Plaintiff by "not 'reactivating' him to his job as ordered to do so, and by denying him medical benefits to which he is entitled." (Id.)

## II.   LEGAL STANDARD

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter[.]" Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); Csibi v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982).

A 12(b)(1) motion for lack of subject-matter jurisdiction may either attack the complaint's allegations or may be brought as a "speaking motion." Thornhill Publ'g Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th 1979). The court may go beyond the complaint's allegations and make evidentiary determinations relative to subject-matter jurisdiction. McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988).

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts to support the legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

## III.  DISCUSSION

As an initial matter, the Court grants Defendants' motion to dismiss based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." Here, the Plaintiff did not file an opposition and has not requested additional time in which to do so. Moreover, Plaintiff provides no evidence that Defendants' moving papers failed to reach the mailing address designated in Defendants' Proof of Service or that Plaintiff was not aware of this pending motion.

Relying on Civil Local Rule 7.1(f.3.c), the Court deems Plaintiff's failure to oppose Defendants' motion to dismiss as consent to its merits. Accordingly, the Court

GRANTS Defendants' motion to dismiss. Furthermore, for the reasons stated below, the Court finds that Defendants' unopposed motion demonstrates that this court lacks jurisdiction over Plaintiff's tort claim, and that he has failed to name the proper party for his Title VII claims.

### A.   The Court Lacks Jurisdiction Over Plaintiff's Intentional Infliction of Emotional Distress Claim.

As explained by this Court's September 12, 2006 Order, the Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort actions against a federal agency[.]" Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (*per curiam*); 28 U.S.C. § 2679(a). The USPS, however, it is not a proper party under the Federal Tort Claims Act ("FTCA"). "[T]he United States is the only proper party defendant in an FTCA action[.]" Kennedy, 145 F.3d at 1078. A "claim against the United States Postal Service in its own name is not a claim against the United States." Id. For this reason, the Court lacks jurisdiction over Plaintiff's claim against the USPS.[2]

With respect to defendant USA, the Court's September 12, 2006 Order also explained that it lacks jurisdiction over FTCA claims arising from allegations of employment discrimination because Title VII and the Civil Service Reform Act ("CSRA") provide the exclusive remedies. Under 39 U.S.C. § 1005(a)(1) of the Postal Reorganization Act ("PRA"), provisions of Chapter 75 of the CSRA (relating to adverse employment actions) apply to Postal Service employees. Kennedy, 145 F.3d at 1078. "Because the relevant provisions of the CSRA and the PRA constitute a comprehensive scheme governing employment relations, employment-related tort actions under the FTCA are precluded." Id. Thus, if Plaintiff is challenging conduct that falls within the scope of the CRSA's "prohibited personnel practices," the CSRA's

---

[2] For this exact reason, the Court's September 12, 2006 order dismissed Plaintiff's intentional infliction of emotion distress claim with prejudice. Plaintiff, therefore should not have included the claim in the TAC.

administrative procedures are Plaintiff's only remedy and this Court cannot resolve claims under the FTCA. <u>Orsay v. United States Dept. Of Justice</u>, 289 F.3d 1125, 1128 (9th Cir. 2002).

Plaintiff alleges that the USPS discriminated against him by "not 'reactivating' him to his job as ordered to do so, and by denying him medical benefits to which he is entitled." (TAC, ¶2.) Under the CSRA, "personnel action" includes "any appointment, promotion, disciplinary or corrective action, detail, transfer, or reassignment, reinstatement, restoration, reemployment, performance evaluation, decision concerning pay or benefits and the like, ... and any other significant change in duties, responsibilities, or working conditions." <u>See</u> 5 U.S.C. § 3202(a)(2)(A)(I)-(xi); <u>Orsay</u>, 289 F.3d at 1131. Accordingly, Plaintiff's intentional infliction of emotional distress claim is based on "personnel action" and is preempted by the CSRA.

### B. <u>Plaintiff's Employment Discrimination Claims Cannot Be Maintained Against the USA and USPS.</u>

Under Title VII, "the head of the department, agency, or unit . . . shall be the defendant" in litigation against the federal government for employment discrimination. 42 U.S.C § 2000(e)-16(c). Accordingly, employment-discrimination claims against the USPS must be brought against the Postmaster General. <u>Cooper v. U.S. Postal Service</u> (1984) 740 F.2d 714, 716 (9th Cir. 1984) (reversed on a different point of law); <u>Vinieratos v. U.S. Dept. of Air Force Through Aldridge</u>, 939 F.2d 762, 772 (9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"). Because the TAC only names the USPS and USA as defendants, Plaintiff cannot maintain his Title VII claims.

//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Because Plaintiff has had numerous opportunities to amend the complaint – and in light of Plaintiff's failure to oppose Defendants' motion – the Court **DISMISSES** this action **WITH PREJUDICE**. The clerk of the court shall close the district court case file.

IT IS SO ORDERED.

DATE: March 1, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California